**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50495 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-00527-JAH-1 |
| v. | |
| JUAN RODRIGUEZ, AKA Chief, AKA Clever, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted December 9, 2010
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Juan Rodriguez, who pleaded guilty to an extensive conspiracy to distribute

cocaine, methamphetamine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1)

and 846, appeals his sentence of 30 years. His appeal has no merit.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Given this record, the district court did not abuse its discretion in receiving hearsay evidence tending to show Rodriguez's (1) connection to a street gang, and (2) his relationship to the Mexican Mafia. Hearsay evidence is admissible at sentencing "so long as it is accompanied by some minimal indicia of reliability." United States v. Littlesun, 444 F.3d 1196, 1199 (9th Cir. 2006) (internal quotation marks omitted). The hearsay evidence was corroborated by the letter stating that "rent" was being paid to "Clever" (i.e. Rodriguez), the phone book found in the cell of a known gang and mafia member that listed Rodriguez's phone numbers and address, and Rodriguez's own admission that he associated with the Encinitas Home Boys. In any event, it appears that this evidence was not a factor in the district court's determination of the length of his sentence, so any error would be harmless. See United States v. Mendoza, 121 F.3d 510, 513-14 (9th Cir. 1997).

Second, Rodriguez complains he was denied the opportunity to voir dire two witnesses who testified as part of an evidentiary hearing in connection with his sentence. However, he does not explain how he was disadvantaged by the court's ruling, and he has not indicated what he would have accomplished during voir dire that he could not accomplish on cross examination.

Third, Rodriguez's sentence was neither procedurally nor substantively erroneous. United States v. Carty, 530 F.3d 984, 993 (9th Cir. 2008) (en banc).

2

The district court followed the usual § 3553(a) factors and considered Rodriguez's mitigating evidence, including the comments of his family members and his claim that he had a drug and gambling problem. Given the size and nature of Rodriguez's criminal organization, the determination of the length of his sentence was appropriate and reasonable. The district court was well aware of the lesser sentences meted out to his co-defendants, but because Rodriguez was the head of his criminal conspiracy, the court's choice of a harsher sentence for him was rational and sensible. The goals of sentencing as articulated in § 3553(a)(2) are well served by a lengthy sentence in this case.

AFFIRMED.